My name is Rebecca Pannell. I represent Mr. Hugo Navarro-Coyazo. Good morning. You have, your voice isn't real loud, and we don't have real good, so if you can keep it up, that will help everyone. Thank you. I will try. The first issue that I wanted to discuss and that's discussed in the briefing is whether or not Mr. Navarro-Coyazo has a prior aggravated felony or a prior felony drug trafficking offense that would merit a 16-level enhancement under the guidelines. The government has argued that this Court in Noriega-Lopez v. Ashcroft determined that the statute of conviction which penalizes possession or purchase with intent to sell controlled substances is an aggravated felony. But in reading that decision, that's not what the Court really got to. The parties just assumed that that conviction was for possession with intent to sell. In fact, in the background portion of the, of that decision, it talks about that the conviction clearly was one for possession with intent, not purchase with intent to resell. So that just simply wasn't an issue discussed in that case. The question then becomes what does purchase with intent to resell mean, and is, does it mean something that is covered by the Controlled Substances Act? In the decision that was in my brief of Armstrong v. Superior Court, the California Court indicated that a purchase doesn't necessarily result in possession. And, of course, that would only make sense. Why would the statute contemplate either possession or purchase if the two things were different? In some circumstances, and they contemplated a sting operation, a person may purchase drugs but never have any sort of constructive possession over the drugs because there were never any drugs there or the law enforcement could retain them. If a client pled guilty to the California statute, if he had admitted something that constituted a crime under that statute, what conduct that would constitute a crime under that statute would not be a drug trafficking offense? I think that a purchase is something that is ongoing. And the initial parts of a purchase could amount to only solicitation. And solicitation is specifically not covered by the Controlled Substances Act or covered by a 16-level enhancement. Would he be guilty of a California offense under the California statute for solicitation? Well, I think a purchase could start out as, say, I come, I'm the drug dealer and I go to the, there's an agent that's undercover. And I say to the agent, will you sell me a half kilo of cocaine for $2,000? That is a solicitation. The agent then says, yes, wait here, comes back and arrests me. There's never been any constructive possession, so there's no possession with intent. But all I ever did was a solicitation. Would you be guilty of the California statute if that's all you did? I think it's questionable at least. I think that there has to be a reason why California made purchase with intent for resale separate from possession. There's also an attempt statute in California. Clearly, the California courts wanted to punish something where a person is clearly wanting to resell drugs, a solicitation even, with the clear intent, given the quantity in my hypo, that you would want to resell the drugs. It would be a purchase. But in your hypo, he wouldn't have purchased it yet. He would have just talked about it. Well, I was looking up the definition of to purchase in Black's Law Dictionary. It says the act of buying. So when does a purchase take place? Clearly, again, a purchase doesn't have to be complete. If the purchase had to be complete to be covered by the statute, then it would just be possession and there would be no reason to have purchase be separate. The act of purchasing could just include offer and acceptance. There's a contract at that point in time, a verbal contract, to sell drugs. But all that the defendant did was solicit another to sell him drugs. And that's not covered by the Controlled Substances Act. Then he wouldn't be guilty of the California offense to which he pled guilty. I think he's arguable that he would be. It's unfortunate that California has, as far as I can tell, not fleshed out exactly what it means by purchase. Well, I'm kind of interested in this because I was a California judge for a long time and I never saw what you're saying. Again, though, there must be a distinction. I noticed in reading the statute that the purchase portion was specifically put in as an amendment in 1985. So the legislature in California clearly put that in as something else. It can't just be superfluous. Otherwise, why have it? It must mean something else. Surely it wouldn't come as a newsflash to you that not every statute is well drafted. No, but it was a specific amendment that was put in. It used to just say possession with intent and added for some sort of reason. And so I think we must assume that it wasn't inartfully drafted, that something else is meant. How come we don't have the plea dialogue here or sort of have something that would show what the facts actually were? I don't think that that was my burden, Your Honor, to put forward the plea documentation. The government has the burden of establishing what type of felony it was. There are some documents from the case regarding what the conviction, the court documents as far as the physical documentation, but there wasn't a transcript. And that would have been the government's burden, Your Honor, to put forward. I can go on to the second issue, which was the downward departure. We asked for a downward departure based on the minor nature of the prior conviction and specifically going to the facts surrounding a probation violation that my client received, which caused his sentence to exceed 13 months. If he hadn't have gotten a probation violation, his sentence would have only been six months, and he only would have gotten, assuming the first issue is upheld, that there is some sort of enhancement for this possession or purchase with intent to resell conviction. He would have only gotten a 12-level enhancement instead of a 16. What's your authority for attacking the downward departure? It isn't why doesn't this constitute an improper collateral attack? I don't think it's a collateral attack for one reason. The facts that were proffered at the time of his probation violation hearing were that he was in a coma for 15 days and in the hospital. He didn't report to probation for two months. So Mr. Ellis, the government in its briefing argues, well, the probation violation would have been invalid if you accept the facts proffered. And I don't think that's the case. I think that once he was out of his coma, he certainly had an obligation to still report to probation and could be found responsible for doing that. So it's not to invalidate. You're asking us to go back and rehear the facts of his probation violation. No. I'm asking the court, the district court, as far as looking at the basis for the downward departure, to look at the totality of the circumstances regarding why he got so much time. Just as in Sanchez-Rodriguez, the individual selling drugs only sold $20 worth of drugs, and this Court en banc held that the district court could look at that fact and determine whether or not that was minor in comparison to other people that get a 16-level enhancement, my argument is that the district court can look at the circumstances surrounding the probation violation. This is going to the nature of the violation, not the validity, the nature of the violation, and determine that that was minor in nature compared to other types of offenses that could lead to so much time, in addition to looking at how old that probation violation was. My client was only 18 years old at the time. Since that time, he has not had any other drug trafficking offenses. The court could look at all of those things and make a determination about whether or not this individual falls within the heartland of someone receiving a 16-level enhancement. Kennedy. Do you have a Blakeley issue here, if the guidelines have become discretionary? I think there's two Blakeley issues. One, this Court has the panel of this Court has determined an amyline, but depending on how that falls out. Sixth Circuit, the guidelines were advisory for five days, and then the agreement was en banc. And it's unclear. So, you know, the same thing could happen here, or who knows what the Supreme Court will say. Exactly. Exactly. And I think if it turns out that the guidelines are advisory only, then we don't need to worry about is this a collateral attack or not. The judge could simply look at this and say, well, you know, clearly, Judge Whaley Did he indicate what he would like, or she, I don't know, what he would like to have done if the guidelines weren't binding? Yes. He said he wanted to impose four years instead of the 77 months. So clearly, this is a case where the sentencing judge felt that this individual did not need so much time. So I But that was because of the Heartland issue, not because of the It was unclear. It was before Blakely. It was before Blakely, precisely. We did also submit an argument under Almendarez-Torres, both to this Court and to the district court. I think it's an open question, especially under Blakely. I see the Court changing its analysis from looking at a formal. Almendarez-Torres looked at formally are these things elements in the 1326 statute or are they sentencing enhancements and just looked at a statutory sort of construction. They didn't take the effect of the different provisions and make their decision based on the effect instead of the structure. Clearly, in Almendarez or in Apprendi and in Blakely, Justice Scalia, Justice Stevens, Justice Thomas are arguing that we look to effect, not to formal structure. So I think that there is added reason to believe that Almendarez-Torres is no longer a good law, or at the very least that this Court should limit it to its facts where an individual was just complaining of notice in Almendarez-Torres, that he wasn't indicted with a prior aggravated felony, but that he admitted to prior aggravated felony at the time of his guilty plea. In this case, my client did not admit any sort of prior aggravated felony. So I think that that issue, too, is ripe for review, at least by this Court en banc, if not a panel. All right. Well, you're just about out of time, so if you have five seconds of comments, go ahead. Thank you. All right. Thank you. Good morning. My name is Robert Ellis. I'm from the Eastern District of Washington, the U.S. Attorney's Office assigned to Yakima. I have to confess, we see this case as being very straightforward as to the challenge that I will characterize. How come we don't have a copy of the plea dialogue so we can save all this trouble? Couldn't get it in time. The written documents we were able to maintain follow the language of the statute, Your Honor. And I can tell you we have some difficulty getting records from California. And that's a historical problem that we have, both the probation office and the defenders and my office. What do you think of the counsel's argument about it could have been a solicitation or a sting operation where there was no drugs? I don't think you have a purchase. I don't want to claim to be an expert on California law. I never practiced criminal law there. But my reading of the way the development of that statute was that this language, purchase for the purpose of sale, was to cover what you indicated, Your Honor, a sting, a reverse, what we call a reverse. And Armstrong said it doesn't. You've got an attempt, but you don't have an actual purchase. That's the holding of Armstrong, as I understand it. And so you may have a solicitation, as counsel described, but that's not a purchase. You may have a reverse that goes bad where you never actually sting. But would you be guilty of the California offense if that's all it was? That's the point. Under my understanding of California law. My problem is here's a guy who pled, and presumably there was a plea dialogue, whether there's a record of it or not. And somebody asked him, are you guilty? Somebody had to admit to it was a violation of this statute. Yes, sir. I can't say anything that was a violation of this statute that wouldn't be a trafficking offense, whether we know the actual facts or not. I agree with you completely. That's why I consider it straightforward. And the issue is not so much is there two different things under California law, possession versus purchase. The issue is are both of those encompassed within the federal statute, possession with intent? And I can come up with no hypothetical that it would not and still constitute the violation of the California law. As to the attack on the probation violation, all I can say is you can call an apple by several different names, but those names don't change it to an orange. It's still a challenge to the conviction. Counsel wants to raise the facts that made Mr. Navarro violate his probation. She wants to raise the issues about his attorney could have done a better job of But to me, those are all matters which we say may not be raised on attack on a conviction. And I'm willing to answer any questions the Court may have, but I think our position is easily understood, and I don't want to waste your time on it unless there are questions. It does not appear that the panel has any additional questions, so the first matter of the United States of America v. Hugo Navarro-Cayasso will stand submitted. Thank you. We call the second matter United States of America v. Ramon Montenegro,
judges: Hall, Callahan, Bertelsman